UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFSHORE TRANSPORT SERVICES, L.L.C., ET AL.** | **CIVIL ACTION** |
| | **No. 09-5488** |
| **VERSUS** | |
| | **SECTION I/3** |
| **M/S MINERVA SYMPHONY, her engines, tackle, and appurtenances, *in rem*, ET AL.** | |

## ORDER AND REASONS

Before the Court is a motion to dismiss for lack of personal jurisdiction filed by defendants, Minerva Marine, Inc. and Symphony M Special Maritime ("Movants").[1] Plaintiffs, Offshore Transport Services, L.L.C. and Galiano Tugs, Inc., oppose the motion. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

Plaintiffs allege that on April 21, 2009, the M/S Minerva Symphony was on an outbound trip down the Houston Ship Channel.[2] According to plaintiffs, despite the obvious nature of the danger and warnings broadcast over the Houston vessel traffic system, the M/S Minerva Symphony was moving at an "excessive and inordinate rate of speed."[3] Plaintiffs contend that the vessel's excessive speed created a wave that caused damage to plaintiffs' ships and equipment.[4]

---

[1] R. Doc. No. 9. Movants request in the alternative a transfer of venue.
[2] R. Doc. No. 1, para. IV.
[3] R. Doc. No. 1, para. IV.
[4] R. Doc. No. 1, para. IV.

1

Movants filed this motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Movants argue that they are domiciled in Greece and "do not conduct continuous or significant business within the jurisdiction of [the] Court."[5]

## *STANDARD OF LAW*

### Rule 12(b)(2) and Personal Jurisdiction

In the context of a motion filed pursuant to Rule 12(b)(2), a plaintiff must establish a court's personal jurisdiction over the defendant. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994). Where, as here, the Court rules without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a *prima facie* case that the Court has jurisdiction over a defendant. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008).[6] If the defendant disputes the factual bases for jurisdiction, "the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue." Walk Haydel & Associates, Inc. v. Coastal Power Production Co., 517 F.3d 235, 241 (5th Cir. 2008) (citations and quotations omitted). The court should not, however, act as a fact finder and it must construe all disputed facts in the plaintiff's favor. Id.

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Moncrief Oil Int'l v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007). As "the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits"

---

[5] R. Doc. No. 9-1, p. 3.
[6] While the plaintiff must ultimately demonstrate that jurisdiction is proper by a preponderance of the evidence, courts are permitted to defer the resolution of that question until trial to allow it to be resolved along with the merits. See Walk Haydel & Assoc., Inc. v. Coastal Power Production Co., 517 F.3d 235, 241 (5th Cir. 2008).

2

the Court need only consider the second step of the inquiry. Walk Haydel, 517 F.3d at 242-43 (citing A&L Energy, Inc. v. Pegasus Group, 791 So.2d 1266, 1270 (La. 2001)).

"The 'minimum contacts' prong is further subdivided into contacts that give rise to specific jurisdiction and those that give rise to general jurisdiction." Freudensprung v. Offshore Tech. Serv., Inc., 379 F.3d 327, 343 (5th Cir. 2004).

> Where a defendant has continuous and systematic general business contacts with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum.

Luv N' care, Ltd., v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (internal citations and quotations omitted).

The constitutional requirements for specific jurisdiction may be satisfied by a showing that the defendant has "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." Luv N' care, 438 F.3d at 469 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). Specific personal jurisdiction is a claim specific inquiry. "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each of them . . . the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 274-75 (5th Cir. 2006).

The Fifth Circuit follows a three-step analysis for specific jurisdiction. First, the Court must determine "whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the

privileges of conducting activities there."[7] Nuivo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002). The "minimum contacts" inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it "reasonably anticipates being haled into court" in the forum state. Luv N' care, 438 F.3d at 470 (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." Moncrief Oil, 481 F.3d at 312 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985)).

Second, the Court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." Nuivo Pignone, 310 F.3d at 378. The proper focus of the personal jurisdiction analysis is on the "relationship among the defendant, the forum, and the litigation." Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, 487 (5th Cir. 2008).

Last, "[i]f the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise of jurisdiction would be unfair or unreasonable." Seiferth, 472 F.3d at 271(citing Burger King, 471 U.S. at 482). In this inquiry the Court analyzes five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." Luv N' care, 438 F.3d at 473. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *Johnston*, 523 F.3d at 615 (citing Wein Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999)). "The relationship between the defendant and the forum must be such that it is reasonable to require the

---

[7] "The 'minimum contacts' requirement can be established through contacts sufficient to assert either specific or general jurisdiction." Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841 (5th Cir. 2000).

4

defendant to defend the particular suit which is brought there." Id. (quoting Guidry v. U.S. Tobacco Co., 188 F.3d 619, 630 (5th Cir. 1999).

*DISCUSSION*

A. **Specific Jurisdiction**

The first step in the Court's specific jurisdiction analysis is examining whether movants have minimum contacts with the forum state. As noted above, plaintiffs bear the burden of establishing jurisdiction. In their opposition, plaintiffs do not attempt to highlight the minimum contacts of movants. Rather, plaintiffs argue that the minimum contacts analysis is only pertinent to the question of general jurisdiction.[8] This argument ignores clear precedent of both the United States Supreme Court and the case law of this circuit. See R.F. Shaffer v. Arnold Heitner, 433 U.S. 186, 204 (1977) (while discussing specific jurisdiction the Court wrote: "Thus, the relationship among the defendant, **the forum**, and the litigation . . . became the central concern of the inquiry into personal jurisdiction.") (emphasis added); Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 336 (5th Cir. 1999) ("This type of jurisdiction, in which the suit arises out of or is related to the defendant's contacts **with the forum**, is commonly referred to as 'specific jurisdiction.'") (emphasis added). "Unlike the specific jurisdiction analysis, which focuses on the cause of action, the defendant and the forum, a general jurisdiction inquiry is dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum." Dickson Marine, 179 F.3d at 339. "Due process requires that 'continuous and systematic' contacts exist between the State and the foreign corporation to exercise general personal jurisdiction because the forum state does not have an interest in the cause of action." Id.

---

[8] R. Doc. No. 11, pp. 3-4 ("The 'minimum contacts' examination only pertains to [the] examination of [the] exercise of general jurisdiction, whereas 'special' jurisdiction is derived from the commission of a tort or other act within a jurisdiction.").

5

Setting aside plaintiffs' failure to argue the issue, plaintiffs' have not plead sufficient facts to demonstrate that movants' have sufficient minimum contacts to justify the exercise of personal jurisdiction. At the time of the accident, both plaintiffs' and movants' vessels were located in Texas waters. Although the movants' vessel, the M/S Minerva Symphony, was on its way to Louisiana, this kind of contact is not sufficient to support specific jurisdiction. See Moncrief Oil, 481 F.3d at 312 ("Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction."). If jurisdiction could be founded solely on a vessel's expected itinerary, a shipowner could be forced to answer in any number of forums that have no relationship with or interest in the dispute at issue.[9]

**B.    General Jurisdiction**

In order to establish personal jurisdiction, plaintiffs were obligated to make a prima facie showing of the necessary predicate facts. McFadin v. Gerber, 587 F.3d 753, 758 (5th Cir. 2009). Plaintiffs' complaint does not plead the necessary facts to support the "continuous and systematic" contacts necessary for a Court to exercise general jurisdiction over a foreign defendant. See Dickson Marine, 179 F.3d at 339. Further, in plaintiffs' opposition, plaintiffs concede that movants are residents and domicilliaries of Greece and have no offices, agents, or places of business within the United States.[10]

---

[9] Even if the vessel's subsequent stop in Louisiana could be sufficient to establish the requisite minimum contacts, jurisdiction would still be improper because such contact must "arise out" of a defendant's contacts with the forum. Dickson Marine, 179 F.3d at 336.

[10] R. Doc. No. 11, p. 2.

*CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that the motion to dismiss is **GRANTED**[11] and that plaintiffs' claims against Minerva Marine, Inc. and Symphony M Special Maritime are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the *in rem* claim against the M/S Minerva Symphony is **DISMISSED WITHOUT PREJUDICE**.[12]

New Orleans, Louisiana, April 19, 2010.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[11] Because of this Court's opinion with respect to personal jurisdiction, the Court does not reach movants' arguments concerning venue.

[12] On April 19, 2010, a status conference was held with counsel representing all parties participating. At this conference, the parties agreed that, because the M/S Minerva Symphony has not yet been seized, the *in rem* claim against the vessel should be dismissed without prejudice.